**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ALLEN SCHROD and SHIRLEY SCHROD,**

    **Plaintiffs,**

**v.**                                                                                                                                                                                      Civil Action No. 3:20-CV-289-MPM-JMV

**INTERNATIONAL PAPER COMPANY,**

    **Defendant.**

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant International Paper Company ("Defendant"), removes this action from the Circuit Court of Desoto County, Mississippi to the United States District Court for the Northern District of Mississippi, Oxford Division.

Removal is proper because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as the action is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Further, this Notice of Removal is filed within thirty (30) days after Defendant received a copy of Plaintiffs' initial pleading setting forth the claims for relief upon which such action is based pursuant to 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5, attached as **Exhibit A** is a copy of all executed process in the case, a copy of Plaintiffs' Complaint ("Complaint"), a copy of the docket sheet in the state court action, and a civil cover sheet.

**BACKGROUND**

1. On or about September 1, 2020, Plaintiffs Allen Schrod and Shirley Schrod ("Plaintiffs") filed a Complaint against Defendant in the Circuit Court of Desoto County, Mississippi, Case No. CI2020-3030CWD. *See* **Exhibit A**.

2. Defendant was served with process on October 1, 2020. *See id.*

**GROUNDS FOR REMOVAL**

3. This Court has original jurisdiction because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a)(1).

**Complete Diversity**

4. Plaintiffs are citizens of the State of Mississippi. *See* Complaint at ¶ 1 and ¶ 2.

5. Defendant is, and was at the time of the filing of this lawsuit, a New York corporation with its principal place of business located at 6400 Poplar Avenue, Memphis, Tennessee 38197. *Id.* at ¶ 3. Accordingly, Defendant is a citizen of New York and Tennessee for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

6. Because Plaintiffs and Defendant are citizens of different states, complete diversity exists under 28 U.S.C. § 1332(a).

**Amount of Controversy**

7. Removal based upon diversity jurisdiction also requires that the removing party prove by a preponderance of the evidence that the amount in controversy exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). *See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000)). This burden is met by either showing the Court that it is

facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum or, if not facially apparent, setting forth facts supporting the requisite finding. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

8. It is not facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum; rather, the Complaint merely states Plaintiff Shirley Schrod incurred medical expenses, suffered temporary and permanent injuries, and severe pain and suffering due to Defendant's alleged negligence. *See* Complaint, Ex. A, ¶¶ 30-32. There is nothing further in the Complaint regarding her alleged injuries. The Complaint also alleges Plaintiff Allen Schrod suffered loss of consortium, loss of services, and loss of companionship because of Defendant's alleged negligence. *Id.* at ¶ 33. Further, Plaintiffs' request for damages in the Complaint does not provide any information to assess the value to each category of damage.

9. On January 6, 2020, prior to the filing of the instant lawsuit, Plaintiffs' counsel sent Defendant a letter in which she itemized medical bills incurred by Plaintiff Shirley Schrod totaling $626,615.23. *See* **Exhibit B**.

10. Based upon the foregoing, Defendant has established by a preponderance of the evidence that the amount in controversy exceed $75,000.00.

### **VENUE**

11. The Circuit Court of Desoto County, Mississippi is located within the United States District Court for the Northern District of Mississippi, Oxford Division. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## **NOTICE**

12. Defendant will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Desoto County, Mississippi and will attach a copy of this Notice of Removal thereto. *Se*e 28 U.S.C. § 1446(d). These filings confer exclusive jurisdiction over this matter upon this Court and divest the state court of jurisdiction over these proceedings.

Respectfully submitted,

BUTLER SNOW LLP

*s/ Kathryn K. Van Namen*
ANDRE B. MATHIS (MS # 104404)
KATHRYN K. VAN NAMEN (MS # 104079)
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
(901) 680-7200
Andre.Mathis@butlersnow.com
Kate.VanNamen@butlersnow.com
*Attorneys for Defendant International Paper Company*

4

**CERTIFICATE OF SERVICE**

    I certify that on this date a true and correct copy of the foregoing was sent via Electronic Mail and/or the Court's ECF system and U.S. Mail, postage prepaid, to the following counsel of record for Plaintiff.

>Elaine Sheng, Esq.
>Morgan & Morgan Memphis, LLC
>One Commerce Square, 26th Floor
>Memphis, Tennessee 38103
>esheng@forthepeople.com

                              *s/ Kathryn K. Van Namen*
                              Kathryn K. Van Namen