**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ALLEN SCHROD,** *individually and as next of kin for* **SHIRLEY SCHROD**                                                     **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO. 3:20-CV-00289-MPM-JMV**

**INTERNATIONAL PAPER COMPANY**                                                    **DEFENDANT**

**SECOND AMENDED COMPLAINT**

COME NOW Allen Schrod, *as conservator and next of kin* to Shirley Schrod (hereinafter "Plaintiffs"), and files this Complaint against Defendant International Paper Company, and for his cause of action states:

**PARTIES**

1. Plaintiff Allen Schrod is a resident of Olive Branch, DeSoto County, Mississippi.

2. Plaintiff Allen Schrod has been appointed Conservator of the person and estate of Shirley Schrod is a resident of Olive Branch, DeSoto County, Mississippi. (See attached order entered Oct. 19, 2021 in the Chancery Court of Desoto County, MS Cause No. 21-CV-1747).

3. Defendant International Paper Company is a for-profit corporation doing business in DeSoto County, Mississippi, with its principal office located at 6400 Poplar Avenue, Memphis, TN 38197 and may be served with process through its registered agent, CT Corporation System, 645 Lakeland East Drive, Ste. 101, Flowood, MS 39232.

4. Upon information and belief, Defendant International Paper Company owns, maintains and operates International Paper Company ("IPC" or "Premises") located at 8301 Hacks Cross Road, Olive Branch, Mississippi.

5. This cause of action arose in Olive Branch, DeSoto County, Mississippi.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction of this civil claim and this Court is an appropriate venue because Plaintiff's causes of action arise upon an underlying tort claim, as a result of injuries he sustained due to the negligent acts of the Defendant in DeSoto County, Mississippi.

7. Defendant International Paper Company, has been properly served with process of this action.

## FACTUAL STATEMENT

8. At all times pertinent to this Complaint, Defendant was acting through its employee/agent or servant, and Plaintiff hereby relies on the doctrines of agency, and *respondent superior*.

9. On October 4, 2017, Plaintiffs were on the premises of International Paper Company located at 8301 Hacks Cross Road, Olive Branch, Mississippi (hereinafter "IPC" or "the "Premises").

10. Plaintiff Allen Schrod moved trailers to loading docks as an employee for Dancor Transit. Plaintiff Shirley Schrod was a long time authorized rider. Both Plaintiffs were on Defendant's Premises as business invitees.

11. Plaintiff Shirley Schrod exited the passenger side of the 18-wheeler driven by Plaintiff Allen Schrod heading towards the visitor's restroom.

12. As Plaintiff Shirley Schrod began walking, she suddenly and without warning, slipped on a hardened sandy surface and became entangled with a discarded banding tie, causing her to violently fall to the concrete floor, injuring her back.

13. No warning signs were present to indicate the floor's dangerous condition in the area of Plaintiff's fall or informing her to avoid the hazard.

14. Defendant knew or should have known about the existence of the sandy floor as a hazard and failed to warn and take corrective action.

15. Upon information and belief, the sandy floor where Plaintiff slipped and fell was

under Defendant's maintenance, care and control.

16. Upon information and belief, Defendant had actual and/or constructive notice of the dangerous condition of the sandy floor where Plaintiff slipped and fell.

## CAUSE OF ACTION
## NEGLIGENCE

17. Plaintiff repeats the allegations contained in paragraphs 1-18 as though set forth verbatim.

18. Defendant's employees, agents and/or assigns were negligent in that they knew or should have known of the dangerous condition of the sandy floor and failed to take reasonable steps to remedy it.

19. Upon information and belief, Defendant's employees, agents and/or assigns were negligent in their efforts to inspect and maintain the condition of the floor where Plaintiff fell.

20. Upon information and belief, Defendant's employees, agents, and/or assigns were negligent in their efforts to provide proper notice to the public in general, including Plaintiff, of a potentially hazardous and dangerous condition.

21. Upon information and belief, Defendant's employees, agents, and/or assigns were negligent in allowing the sandy floor to remain in such condition where Plaintiff fell, thereby creating a hazardous and dangerous condition.

22. Upon information and belief, the Defendant was negligent in failing to provide adequate safety measures to detect the dangerous and hazardous condition that caused the Plaintiff's damages and injuries.

23. Defendant was negligent in failing to maintain a safe environment for its guests and invitees, including Plaintiff, when it knew, or in the exercise of reasonable care should have known, of the likelihood that the sandy floor could create an unsafe environment for visitors and

invitees, including Plaintiff.

24. Upon information and belief, Defendant failed to exercise ordinary care in maintaining the area where the Plaintiff fell.

25. Defendant failed to warn the Plaintiff of the existence of the hazardous condition, failed to correct the hazardous condition, and failed to place warning devices in and around the area of the sandy floor to notify Plaintiff, Shirley Schrod, and others, of the dangerous condition.

26. The injuries and damages enumerated below that Plaintiff suffered were the direct and proximate result of the negligence of Defendant and/or Defendant's employees, agents, and servants.

27. The actions and inactions of Defendant was the sole proximate cause of the incident and resulting injuries and damages to the Plaintiff.

28. Plaintiff was not guilty of any action or inaction which caused or contributed to her injuries and damages.

**DAMAGES**

29. Plaintiff repeats the allegations contained in paragraphs 1-30 as though set forth verbatim.

30. As a direct and proximate result of the negligence of the Defendant, Plaintiff Shirley Schrod incurred medical expenses.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff Shirley Schrod suffered injuries both temporary and permanent in nature.

32. As a direct and proximate result of the negligence of Defendants, Plaintiff Shirley Schrod was subjected to severe pain and suffering.

33. As a direct and proximate result of one or more of the above acts of negligence, violation of state statutes and ordinances, Plaintiff Allen Schrod, has suffered the following as a direct and proximate result of the negligence of Defendant:

    a. Loss of Consortium,

    b. Loss of Services,

    c. Loss of Companionship.

    d. Such other, further and general relief to which he may be entitled under the law and evidence.

## RELIEF SOUGHT

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs, respectfully pray:

1. That Plaintiffs be awarded the present cash value of any medical care and treatment Plaintiff Shirley Schrod will have to undergo;

2. That Plaintiffs will be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

3. That Plaintiffs be awarded any and all general or specific relief that Plaintiff Allen Schrod is entitled to under the law;

4. That Plaintiffs be awarded compensatory damages in a just, fair and equitable amount to be determined by the jury after hearing the facts and issues of this case, not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00);

5. That Plaintiffs be awarded punitive damages against International Paper;

6. That Plaintiffs be awarded post-judgment interest as allowed by law; and

7. Such further relief as the Court may deem just and equitable.

**THE PLAINTIFFS DEMAND A JURY TO DETERMINE ALL ISSUES TRIABLE IN THIS CAUSE.**

                                          Respectfully submitted,

        **MORGAN & MORGAN MEMPHIS, LLC**

        /s/Elaine Sheng
        Elaine Sheng (#10195)
        Morgan & Morgan, LLC - Memphis
        80 Monroe Avenue, Suite 900
        Memphis, TN 38103
        Telephone: (901) 333-1918
        Facsimile: (901) 333-1882
        esheng@forthepeople.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that a true and exact copy of the foregoing instrument has been served on the following interested parties, via the Court's ECF Fling System and/or Electronic Mail on this the 13th day of November, 2021.

ANDRE B. MATHIS (MS #104404)
KATHRYN K. VAN NAMEN (MS #104079)
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
(901) 680-7200
Andre.Mathis@butlersnow.com
Kate.VanNamen@butlersnow.com
*Attorneys for Defendant*

        /s/Elaine Sheng
        Elaine Sheng